Leo Brown, J.
In this action for damages for breach of a collective bargaining agreement, defendants move for an order dismissing the complaint, pursuant to CPLR 3211 (subd. [a], par. 2), on the ground that this court lacks jurisdiction over the subject matter of the complaint.
Plaintiff alleges that on June 2, 1971 while employed by defendant Indusco and while a member in good standing of defendant union, he sustained a job-related injury. As a result, he was unable to work from the date of his injury until February 14, 1973, the date he returned to work. He further alleges that in March of 1973 he was stripped of his seniority by defendant union with the concurrence of defendant Indusco and was thereby deprived of work guaranteed him by reason of his seniority. Plaintiff argues that defendants thereby breached the collective bargaining contract to which defendants were parties, which contract provides that an employee absent because of proven illness or injury shall maintain his seniority. Plaintiff demands damages for lost income and an order directing defendants to restore to him his seniority.
Defendants, in moving to dismiss, argue that the jurisdiction of the court in this matter is pre-empted by the National Labor Relations Act (U. S. Code, tit. 29, § 151 et seg.) and that exclusive primary jurisdiction rests with the National Labor Relations Board.
As a general principle, the National Labor Relations Act pre-empts State and Federal court jurisdiction to remedy conduct that is arguably permitted or prohibited by that act. (San Diego Unions v. Garmon, 359 U. S. 236; Motor Coach Employees v. Lockridge, 403 U. S. 274.) The pre-emption doctrine thus set forth is apparently broad enough to encompass the kind of conduct alleged in the present complaint.
There are, however, a number of important exceptions. Thus, judicial power may be exercised over conduct arguably pro *729 tected or prohibited by the National Labor Relations Act where Congress has affirmatively indicated that such power should exist. (Lockridge, supra, p. 297.)
Section 301 of the Labor-Management Relations Act (IT. S. Code, tit. 29, § 185, subd. [a]) authorizes suits in the Federal courts for the enforcement of a collective bargaining agreement even where the alleged breach constitutes an unfair labor practice prohibited by the National Labor Relations Act. (Dowd Box Co. v. Courtney, 368 U. S. 502.) iState courts have.similar jurisdiction to enforce collective bargaining contracts, although the substantive law to be applied is Federal law. (Smith v. Evening News Assoc., 371 U. S. 195; Atkinson v. Sinclair Refining Co., 370 U. S. 238; Teamsters Local v. Lucas Flour Co., 369 U. S. 95.) In affirming the jurisdiction of a State court in a suit by an individual employee for breach of a collective bargaining agreement, the Supreme Court stated: “ The authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by § 301, but it is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301.” (Smith v. Evening News Assoc., supra, p. 197.)
An exception to the pre-emption doctrine also exists when action is brought for breach of a union’s duty of fair representation. A union is duty bound fairly to represent all of the employees in its bargaining unit, both in its bargaining and in its enforcement of the resulting collective bargaining agreement. (Ford Motor Co. v. Huffman, 345 U. S. 330; Bazarte v. United Transp. Union, 429 F. 2d 868.) The authority of a union to represent all members of a designated unit as exclusive agent (U. S. Code, tit. 29, § 159, subd. [a]) carries with it the obligation to serve the interests of all members without hostility or' discrimination toward any; to exercise discretion with complete good faith and honesty and to avoid arbitrary conduct. (Humphrey v. Moore, 375 U. S. 335, 342.) The pre-emption doctrine is not applicable to suits for breach of the duty of fair representation, regardless of whether the breach constitutes an unfair labor practice. (Vaca v. Sipes, 386 U. S. 171; Dill v. Greyhound Corp., 435 F. 2d 231, cert. den. 402 U. S. 952.) Such a suit may be brought in a State court but, again, Federal substantive law must be applied. (Vaca v. Sipes, supra, pp. 176, 190; Matter of Phalen v. Theatrical Protective Union, 22 N Y 2d 34, cert. den. 393 U. S. 1000.)
This court has jurisdiction over the cause of action alleged in the complaint. Accordingly, the motion to dismiss is denied.