OPINION OF THE COURT
James H. Boomer, J.
Plaintiff, a member of a retail clerk’s union, sues the union for negligence and breach of contract in failing to effectively represent the plaintiff in a grievance procedure after he was fired by his employer. The defendant union moves for summary judgment.
The following facts are uncontroverted. After the plaintiff was fired, a representative of the union protested to the employer and was told that the employer’s position was final and that if the union wished to go to arbitration it could do so. The union thereafter sent a letter to the employer indicating
*608 its intention to arbitrate. The employer replied by telephone that in order to comply with all of the terms of the union contract all of the details of the grievance must be set forth in writing. The union then sent another letter setting forth details of thé grievance. The employer refused to arbitrate and its position was upheld by a decision of the Supreme Court affirmed by the Appellate Division, Fourth Department (Matter of O’Connor Chevrolet v Retail Store Employees Union, 49 AD2d 1012). The basis of the decision was that the union contract required as a condition precedent to arbitration that a written grievance be filed within three days after the grievance is first presented and that the written grievance was not timely filed. In addition to pursuing this matter to the Appellate Division, the union filed a charge of unfair labor practice with the National Labor Relations Board based upon the contention that the plaintiff may have been unfairly fired because of his union activities. The board, after investigation, found insufficient evidence to file a complaint.
In an examination before trial in this action the plaintiff testified that "Everybody in the Union seemed to agree that they were helping me, that it was an unfair discharge.” When asked "Did you at any time feel that the Union was in any way not acting fairly in your behalf?”, he replied, "No, sir.” To the question, "Do you feel that to this day that the Union at any time attempted to act unfairly in connection with the grievance?” He replied, "My feelings are that without any fault of any one particular person, the Union did not do it intentionally.”
The defendant as an exclusive bargaining agent had a statutory duty to fairly represent the plaintiff in the enforcement of the collective bargaining agreement. "A breach of the statutory duty of fair representation occurs only when a union’s conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.” (Vaca v Sipes, 386 US 171, 190.) Defendant claims that since it acted in good faith it has not violated its duty of fair representation and that negligence alone is not sufficient to sustain a claim for breach of fair representation.
The Appellate Division, Fourth Department, has recently held otherwise. In Jackson v Regional Tr. Serv. (54 AD2d 305), the union demanded arbitration on behalf of one of its members who was dismissed by the bus company. After the merits of the case were presented to the arbitrator, the arbitrator *609 rendered a decision dismissing the proceedings because of the failure of the union to name its arbitrator within the five-day period provided in the union contract. The court, citing Ruzicka v General Motors Corp. (523 F2d 306, 310), held that such a failure was an arbitrary act constituting a violation of the duty of fair representation and it refused to dismiss an action against the employer for wrongful discharge even though the collective bargaining contract provided for arbitration.
Here the employer was not made a party to the lawsuit and that poses a serious obstacle to plaintiff’s recovery for damages resulting from his alleged wrongful discharge. Vaca v Sipes (386 US 171, 197-198, supra) held that the union cannot be held responsible for damages attributable solely to the employer’s breach of contract. "[D]amages attributable solely to the employer’s breach of contract should not be charged to the union, but increases if any in those damages caused by the union’s refusal to process the grievance should not be charged to the employer.” The Supreme Court went on to say, "In this case, even if the Union had breached its duty, all or almost all of Owen’s damages would still be attributable to his allegedly wrongful discharge by Swift.” (386 US 171, 197-198, supra.)
Here the damages sought by plaintiff were caused solely by the alleged wrongful discharge. There is no allegation of showing any increase in those damages caused by the union’s neglect in processing the grievance.
Vaca also teaches us that the court has power to fashion an appropriate remedy for breach of the union’s duty of fair representation. "[A]n order compelling arbitration should be viewed as one of the available remedies when a breach of the union’s duty is proved.” (Vaca v Sipes, supra, p 196.) But to compel arbitration the employer must be made a party. While Vaca does not definitely hold that the employer is a necessary party, it does state that "[T]he employer may be (and probably should be) joined as a defendant in the fair representation suit”. (Vaca v Sipes, supra, p 197.)
In the absence of any decision holding that the employer is a necessary party to a suit brought by an employee to recover damages for a union’s breach of duty of fair representation, I determine that the employer is not a necessary party. "Joint tortfeasors are not necessary party defendants since their liability to the defendant is several as well as joint.” (2 Weinstein-Korn-Miller, NY Civ Prac, par 1001.06.) The liabil *610 ity of the employer and of the union is not joint; each is severally liable and each is liable to the plaintiff only for its part of the damages. In the absence of a motion to join, there is nothing to prevent an employee from suing a union for the additional damages he sustained by reason of the failure of a union to fairly represent him and, in a separate action, suing the employer for the damages caused by the wrongful discharge. It would be inadvisable for a plaintiff to do so since he runs the risk of inconsistent results. If he succeeds in the first lawsuit, the judgment will not be res judicata against the defendant in the second lawsuit. Moreover, if he loses the first lawsuit, the judgment may be binding against him in the second lawsuit (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65).
Since the plaintiff has failed to plead or show facts alleging any increase in the damages attributable solely to the employer’s breach of contract (Vaca v Sipes, 386 US 171, supra), I grant summary judgment to the defendant dismissing the complaint. Since the plaintiff may be able, however, to show an increase in damages, and, without deciding what damages appropriately may be attributed to the union, I grant the plaintiff leave to amend his complaint. In making such amendment, the plaintiff may, if he deems it advisable, join the employer as a party.
I realize that my decision, especially if the employer is made a party, may overturn the result of the prior proceeding brought by the employer against the union to stay arbitration. But the plaintiff here was not a party to that action and he is not bound by that judgment. Moreover, his claim of breach of the union’s duty of fair representation was not there in issue. I further realize that my decision, if correct, may well lead to the emasculation of procedural clauses in collective bargaining contracts requiring performance by the union of certain conditions precedent to arbitration. Nevertheless, my decision is compelled by the holding in Jackson v Regional Tr. Serv. (54 AD2d 305, 309, supra) and the rationale that "when an employer has wrongfully discharged an employee in breach of a collective bargaining agreement, that breach could be remedied through the grievance procedure to the employee’s benefit were it not for the union’s breach of its duty of fair representation to the employee. Such lack of fair representation leaves the employee remediless to hold his job and, therefore, constitutes a serious injustice to the employee.”