OPINION OF THE COURT
Aaron D. Bernstein, J.
The defendant seeks in this motion an order dismissing the complaint on the ground that this court lacks jurisdiction of the subject matter of the cause of action alleged therein.
The plaintiff, an employee of the Long Island Railroad, is suing the defendant, Local Union 808, International Brotherhood of Teamsters, Chauffeurs and Warehousemen of America, for breach of contract in failing to process the plaintiff’s grievances for the years 1972, 1973 and 1974, when the defendant was the bargaining agent for the plaintiff.
This defendant has previously made a motion (Motion Calendar #63, March 24, 1977) seeking a dismissal of the within cause of action upon the identical grounds enumerated above, i.e., on the basis that the Federal courts have exclusive jurisdiction of this matter under section 1337 of title 28 of the United States Code. In a decision dated March 30, 1977, this court denied the defendant’s motion holding on the basis of Head v New Mexico Bd. (374 US 424), and Florida Avocado Growers v Paul (373 US 132) that Federal regulations in the field of commerce have not pre-empted the subject matter of the controversy alleged herein. The proper remedy available to the defendant at that point was to file an appeal within 30 days after service of a copy of the decision and written notice of its entry (CPLR 5513, subd [a]).
*912 The defendant has apparently decided to forego a direct appeal of the prior motion. Instead the defendant seeks to now renew his motion by placing added reliance upon section 185 of title 29 of the United States Code (the Labor Management Relations Act) and section 411 of title 29 of the United States Code.
Although it is generally true that the National Labor Relations Act pre-empts State and Federal court jurisdiction to remedy conduct that is arguably permitted or prohibited by that act (San Diego Unions v Garmon, 359 US 236), there are a number of important exceptions. Accordingly, section 301 of the Labor Management Relations Act (US Code, tit 29, § 185, subd [a]) authorizes suits in the Federal courts for the enforcement of a collective bargaining agreement, even where the alleged breach constitutes an unfair labor practice prohibited by said act. However, State courts have similar jurisdiction to enforce collective bargaining contracts, albeit the substantive law to be applied is Federal law (Casse v Truck Drivers Local Union No. 807, 77 Misc 2d 727; Smith v Evening News Assn., 371 US 195, 197; Teamsters Local v Lucas Flour Co., 369 US 95, 101). It is evident therefore that a State court has concurrent jurisdiction under section 301 of the act (US Code, tit 29, § 185) to entertain a suit by an individual employee for breach of a collective bargaining agreement.
 Furthermore, the doctrine of pre-emption is not applicable to suits for breach of the duty of fair representation, regardless of whether the breach also constitutes an unfair labor practice (Vaca v Sipes, 386 US 171; Matter of Phalen v Theatrical Protective Union No. 1, 22 NY2d 34, cert den 393 US 1000). Thus, when a union makes no decision as to the merits of an individual’s grievance but merely allows it to expire by negligently failing to take a basic and required step towards resolving it, the union has acted arbitrarily and is liable for a breach of its duty of fair representation (Vaca v Sipes, supra, p 185; Jackson v Regional Tr. Serv., 54 AD2d 305, 308; McKay v Smith, 92 Misc 2d 606, 608). Moreover, the Supreme Court has recently reiterated its position that the pre-emption doctrine will not be applied where the particular rule of law sought to be invoked before another tribunal is so structured and administered that, in virtually all instances, it is safe to presume that judicial supervision will not disserve the interests promoted by the Federal labor statutes (Farmer v Carpenters, 430 US 290, 297). In that case, involving a suit *913 by an employee against his union for emotional distress, the court held (p 305) that ”[o]n balance, we cannot conclude that Congress intended to oust state court jurisdiction over actions for tortious activity”. In a similar vein, the plaintiff herein complains of certain tortious conduct by the defendant in failing to process the plaintiff’s grievances. Such a claim is sufficient to invoke the jurisdiction of this court.
The defendant’s reliance on the case of Bsharah v Eltra Corp. (394 F2d 502) is also misplaced. In affirming a summary judgment to the appellee in that case, the court held (p 503) that the evidence is clear that appellant failed to follow the contractual grievance procedures that were available to her. In the matter before this court, the gravamen of the complaint concerns the defendant union’s refusal to proceed with an employee’s grievance.
Section 411 (subd [a], par [4]) of title 29 of the United States Code provides that a union member may be required to exhaust reasonable hearing procedures within the labor organization, before instituting legal or administrative proceedings against such organization or any officer thereof. However, it must be noted that the limitation of this section is permissive in nature. Thus it has been established that the question whether or not a member will have to exhaust his intraunion appeals, and, if so, to what extent, is a matter within the discretion of the Trial Judge (Pearl v Tarantola, 361 F Supp 288, 292; Packer v International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Amer., Local No. 249, 428 F Supp 145, 148). Furthermore, where a union moves to dismiss the complaint it should place before the court facts establishing that union remedies are available to the plaintiff and that plaintiff has neglected to use them (Yeager v Schmidt & Sons, 343 F Supp 927, 929). Absent some showing that there was some procedure, neither uncertain nor futile, by which the union members might have redressed their complaints against the union, the union members cannot be barred from the courts for failure to exhaust intraunion remedies (Fruit & Vegetable Packers & Warehousemen Local 760 v Morley, 378 F2d 738, 745). Additionally, the plaintiff is not compelled to exhaust the internal remedies of its union when his appeal would have to be made to the very officers against whom his complaint is directed (Dalagaz v Calhoon, 309 F2d 248, 259). Clearly then, exhaustion of intraunion remedies is not an absolute prerequisite to a suit. Each case *914 depends upon its peculiar facts. It is not required, if resort to such remedies would be futile, as where, for example, the intraunion tribunal is predisposed adversely to a union member (Tirino v Local 164, Bartenders & Hotel & Rest. Employees Union, 282 F Supp 809, 814).
For all of the reasons stated, the motion of the defendant is denied with $75 costs awarded to the plaintiff herein.