■ EDMUND McKNIGHT et al., Appellants, v JAMES E. JOYCE et al., Defendants, and ARNOLD COGSWELL, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term, entered January 8, 1980 in Rensselaer County, which granted a motion by defendant Arnold Cogswell to dismiss the complaint as to him, and (2) from the judgment entered thereon. Defendant Arnold Cogswell was the chairman of the board of directors of Air Cushion Vehicles, Inc., a corporation which received a discharge in bankruptcy on July 9, 1976. This action for damages for fraud, commenced in May of 1979, seeks to hold him personally responsible for allegedly fraudulent acts committed by an employee of the corporation on August 15, 1974. On that date, plaintiffs entered into a dealership agreement with the corporation and paid it the sum of $3,000. An additional payment followed on August 23, 1974. On September 18, 1974, the corporation filed its petition in bankruptcy. The close proximity in time between the payments made by plaintiffs and the filing of the petition form the basis of this action. Plaintiffs maintain that Cogswell knew or should

have known that the corporation was insolvent and could not abide by the terms of the agreement, but that he approved or consented to the execution of the contract. Special Term granted his motion to dismiss the complaint on the ground it failed to state a cause of action (CPLR 3211, subd [a], par 7), and this appeal ensued. Since, liberally construed, the allegations of the complaint do recite the necessary elements of a cause of action for fraud *(Channel Master Corp. v Aluminum Ltds. Sales,* 4 NY2d 403, 407; *Bailey v Diamond Int. Corp.,* 47 AD2d 363, 365), the narrow issue on this appeal is whether the affidavit of defendant Cogswell, which categorically denies any knowledge of or participation in the execution of the contract with plaintiffs, is enough to establish that such a cause of action may not, in fact, be asserted against him. More succinctly stated, the question is whether the plaintiffs actually have a cause of action, not whether they have stated one (cf. *Guggenheimer v Ginzburg,* 43 NY2d 268). Of course, if there is any significant dispute regarding the facts alleged by plaintiffs, the motion seeking dismissal at this stage of the proceedings must be deemed premature. Viewed in this light, and in consideration of the short time span between the making of the contract and the bankruptcy petition, the motion should have been denied (see *Rovello v Orofino Realty Co.,* 40 NY2d 633). Order and judgment reversed, on the law, with costs, and complaint reinstated. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.