■ In the Matter of PHYLLIS TRAINOSKY, Appellant, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered September 14, 1983 in Albany County, which dismissed petitioner's application, on a proceeding pursuant to CPLR article 78, to annul a determination of the State Department of Taxation and Finance terminating her employment.

Effective June 15, 1983, petitioner was dismissed from her job with respondent on the ground that she was absent from work without permission from November 10, 1982 through December 3, 1982. The record reveals that this absence was caused by petitioner's incarceration in the Saratoga County Jail following her conviction of certain traffic violations. Petitioner had declined to pay the fine which would have taken the place of a jail term.

Upon her return to work on December 6, 1982, petitioner was served with a notice of discipline, pursuant to article 33 of the bargaining agreement between the State and her union, the Civil Service Employees Association (CSEA). The notice informed petitioner of her proposed dismissal. Petitioner then requested and received a grievance hearing at which she was represented by a CSEA official. The determination following the hearing was that petitioner's absence from work was the result of her civil disobedience in refusing to use her available resources to pay the fine. It was also found that petitioner's request for leave without pay was inappropriate because, contrary to the requirements of the employee handbook, it was made *after* the absence in question.

CSEA's subsequent negotiations with respondent resulted in a settlement offer which provided that the matter would be closed if petitioner paid a $50 fine and permitted a letter of reprimand to be placed in her personal history folder. Petitioner refused this offer. Determining that her case lacked legal merit, CSEA opted not to represent petitioner further. However, she was informed of her right to proceed on her own to arbitration, the next step of the grievance procedure, as set forth in the collective bargaining agreement. Thereafter, petitioner failed to submit the $450 representing her share of arbitration costs. Accordingly, her grievance was deemed withdrawn and the original penalty of dismissal was imposed. Petitioner then brought the instant CPLR article 78 proceeding for a review of her dismissal. Her petition was dismissed by Special Term. We affirm.

Petitioner's failure to proceed to arbitration and thus exhaust her administrative remedies as set forth in the collective bargaining agreement precludes her from seeking relief under CPLR article 78 (see CPLR 7801, subd 1; *Matter of Plummer v Klepak*, 48 NY2d 486, 489, cert den 445 US 952). We are not persuaded by petitioner's contention that CSEA breached its duty of fair representation, thereby enabling her to bypass her administrative remedies and proceed directly against respondent. As stated in *Albino v City of New York* (80 AD2d 261), in

order to maintain a direct action against an employer in these circumstances, the employee must be able to establish that the union's conduct in not protecting its member's contractual rights was arbitrary, discriminatory or in bad faith (*supra,* at p 268, citing *Vaca v Sipes,* 386 US 171, 190). Mere refusal on the part of the union to process a grievance further does not constitute a per se violation of the duty of fair representation (*supra,* at p 270). There is no evidence in this record that the conduct of CSEA in its exercise of the right to cease its involvement in a case which it deemed to lack merit was the product of bad faith, arbitrariness or discriminatory conduct. Accordingly, we conclude that this proceeding was properly dismissed for petitioner's failure to exhaust her administrative remedies.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Levine, JJ., concur.