HARRISON J. SMITH, JR., Respondent, v JAMES SIPE, as President of Security, Unit Employees Council 82, AFSCME, AFL-CIO, Appellant. — Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered December 30, 1983 in Ulster County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff, a former State correction officer, seeks to recover damages allegedly caused by the breach of the duty of the Security Unit Employees Council 82, AFSCME, AFL-CIO (the union) to fairly represent him. The union is authorized as the exclusive collective bargaining agent for plaintiff and State correctional employees.

In February 1981, plaintiff, in the presence of William Lothrop, the union's then president, was informed by the Superintendent of Eastern Correctional Facility that he would be suspended pending the outcome of a criminal investigation concern-

ing stolen property. Lothrop advised plaintiff to avoid suspension by resigning. The complaint in the instant action alleges that this advice was given "with the understanding that plaintiff could get his job back at anytime within one year from the date of his resignation, so long as the investigation" did not result in a criminal conviction. Plaintiff was told that, if he resigned, "he [w]ould obtain accumulated vacation pay and other benefits". Following this advice, plaintiff immediately resigned. Subsequently, the criminal investigation was concluded and no charges were brought against plaintiff.

The complaint also states that within one year of his resignation, plaintiff applied for reemployment as a correction officer, that the application was denied and that he has since been unsuccessful in seeking reemployment. The union moved for an order dismissing the complaint on the ground that it failed to state a cause of action (CPLR 3211 [a] [7]). Special Term denied the motion and this appeal followed.

The complaint alleges sufficient facts to support a claim that the union breached its duty of fair representation. Special Term's order denying defendant's motion to dismiss the complaint for failure to state a cause of action should therefore be affirmed.

The complaint sets forth facts establishing that plaintiff's alleged injury arose out of the union's role as the exclusive bargaining representative of the collective bargaining unit of which plaintiff was a member. New York case law recognizes the existence of a duty of fair representation on the part of public sector unions predicated on their role as exclusive bargaining representatives similar to that arising under Federal law (*Matter of Civil Serv. Bar Assn. v City of New York,* 64 NY2d 188, 196). This duty is breached " 'only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith' " (*supra,* quoting *Vaca v Sipes,* 386 US 171, 190). Whether that duty has been breached in a particular case is "essentially a factual determination" (*supra,* p 196). Moreover, on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), as here, the complaint is to be "liberally construed" (*McKnight v Joyce,* 79 AD2d 1066, 1067) and plaintiff is to be "given the benefit of every possible favorable inference" (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 634). In light of the foregoing, the complaint and plaintiff's motion papers can be construed as alleging more than mere negligence and, therefore, Special Term's conclusion that plaintiff's allegations were sufficient to defeat defendant's motion to dismiss the complaint should not be disturbed.

Order affirmed, with costs. Kane, Casey, Mikoll and Harvey, JJ., concur; Mahoney, P. J. dissents and votes to reverse in the following memorandum.

Mahoney, P. J. (dissenting). In my view, the complaint fails to state a cause of action for breach of the duty of fair representation and should, therefore, be dismissed.

The duty of a labor organization to fairly represent its members, which was created by Federal case law, is violated where a union's conduct toward a member is arbitrary, discriminatory or in bad faith (*see, Vaca v Sipes,* 386 US 171, 190; *see also, Hines v Anchor Motor Frgt.,* 424 US 554, 568-569). A showing that a labor organization handled a member's grievance in a perfunctory manner is also sufficient to establish a breach of the duty of fair representation (*Vaca v Sipes, supra,* p 191; *see, Gosper v Fancher,* 49 AD2d 674, *affd* 40 NY2d 867, *cert denied* 430 US 915). The duty of fair representation has been recognized in New York (*see, Gosper v Fancher, supra*) and has been applied to public employment situations (*see, Matter of Civil Serv. Bar Assn. v City of New York,* 64 NY2d 188; *De Cherro v Civil Serv. Employees Assn.,* 60 AD2d 743, 744). Whether the duty of fair representation is breached by mere negligence on the part of the labor organization is a developing area of law. Some courts have extended the duty of fair representation to situations involving mere negligence (*see, Ruzicka v General Motors Corp.,* 523 F2d 306 [6th Cir 1975], 707 F2d 259, *cert denied* 464 US 982; *Jackson v Regional Tr. Serv.,* 54 AD2d 305 [4th Dept 1976]; *Di Mola v Local Union 808, Intl. Brotherhood of Teamsters, Chauffeurs & Warehousemen,* 95 Misc 2d 910). However, it appears that a majority of jurisdictions have not extended the duty of fair representation to include a duty of due care on the part of the labor organization which would be breached by mere negligence (*see, e.g., Dober v Roadway Express,* 707 F2d 292 [7th Cir 1983]; *Harris v Schwerman Trucking Co.,* 668 F2d 1204 [11th Cir 1982]; *Findley v Jones Motor Frgt., Div. Allegheny Corp.,* 639 F2d 953 [3d Cir 1981]; *Wyatt v Interstate & Ocean Transp. Co.,* 623 F2d 888 [4th Cir 1980]; *National Labor Relations Bd. v American Postal Workers Union,* 618 F2d 1249 [8th Cir 1980]; *Robesky v Qantas Empire Airways,* 573 F2d 1082 [9th Cir 1978]; *Coe v United Rubber, Cork, Linoleum & Plastic Workers,* 571 F2d 1349 [5th Cir 1978]; *De Arroyo v Sindicato De Trabajadores Packinghouse, AFL-CIO,* 425 F2d 281 [1st Cir 1970], *cert denied* 400 US 877).

In determining whether the duty of fair representation is breached by mere acts of negligence on the part of the labor organization, it must be kept in mind that "[t]he duty of fair

representation was judicially evolved * * * to enforce fully the important principle that no individual union member may suffer invidious, hostile treatment at the hands of the majority of his coworkers" (*Motor Coach Employees v Lockridge,* 403 US 274, 301). In the instant action, the complaint alleges that the union representative negligently gave plaintiff incorrect advice. This is not the type of invidious, arbitrary or bad faith conduct which the duty of fair representation was created to prevent. Moreover, even in those cases where negligence was held to breach the duty of fair representation, the negligent conduct of the union was more significant than incorrect advice (*see, Ruzicka v General Motors Corp., supra* [union officials failed to timely file document required by grievance procedure of collective bargaining agreement after twice having been granted extensions]; *Jackson v Regional Tr. Serv., supra* [union officials failed to timely name arbitrator pursuant to grievance procedure of collective bargaining agreement and then failed to timely seek judicial review]; *McKay v Smith,* 92 Misc 2d 606 [union officials failed to timely file written particulars of grievance]).

In conclusion, the allegations of the complaint fail to set forth a cause of action for breach of the duty of fair representation. Therefore, defendant's motion to dismiss the complaint should have been granted.