In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Petitioners, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents, and LUIS DIAZ, Intervenor-Respondent.

Third Department, December 23, 1987

**APPEARANCES OF COUNSEL**

*Marjorie E. Karowe* for petitioners.

*Martin L. Barr (Jerome Thier* of counsel), for Public Employment Relations Board, respondent.

*August J. Ginocchio* for intervenor-respondent.

**OPINION OF THE COURT**

KANE, J.

At issue in this proceeding is whether the conduct of a grievance representative of petitioner Civil Service Employees Association, Inc. (CSEA), who was found by respondent Public Employment Relations Board (PERB) to be grossly negligent, constitutes a breach of CSEA's duty of fair representation and is thus a violation of Civil Service Law § 209-a (2).

On September 10, 1981, intervenor, Luis Diaz, an employee of the State Department of Mental Hygiene, was served with a notice of discipline charging him with mistreatment of a patient at Pilgrim Psychiatric Center and seeking the termination of his employment. A grievance representative of CSEA, Vito Bertini, assisted Diaz in filling out a grievance form, wherein Diaz waived his right to an agency level meeting and requested to proceed directly to arbitration. As a result of a series of mistakes and omissions on the part of Bertini and other CSEA representatives, the charges were not timely filed with the American Arbitration Association and, accordingly, the grievance was dismissed. Thereafter, Diaz's employment was terminated.

An improper practice charge was filed by Diaz with PERB alleging, essentially, that (1) CSEA was grossly negligent in its untimely appeal to arbitration, (2) the untimely appeal was knowing, deliberate and in bad faith, and (3) CSEA's refusal to seek judicial review following arbitration was in breach of its obligations. All of the charges were dismissed by an Administrative Law Judge after a hearing and were confirmed by PERB, except that PERB found that although CSEA was not grossly negligent in its handling of Diaz's appeal to arbitration, its failure to adequately train Bertini or provide him with sufficient organizational support amounted to gross negli-

gence. Accordingly, PERB concluded that CSEA breached its duty of fair representation and thereby engaged in an improper practice in violation of Civil Service Law § 209-a (2).

We disagree. In order to establish a claim for breach of the duty of fair representation against a union, there must be a showing that the activity, or lack thereof, which formed the basis of the charges against the union was deliberately invidious, arbitrary or founded in bad faith (see, *Smith v Sipe,* 109 AD2d 1034, 1035, *revd on dissenting opn below* 67 NY2d 928; *see also, Baker v Board of Educ.,* 70 NY2d 314).

Accordingly, and in any event, we reject the standard applied by PERB that "irresponsible or grossly negligent" conduct may form the basis for a union's breach of the duty of fair representation as not within the meaning of improper employee organization practices set forth in Civil Service Law § 209-a. An honest mistake resulting from misunderstanding or lack of familiarity with matters of procedure does not rise to the level of the requisite arbitrary, discriminatory or bad-faith conduct required to establish an improper practice by the union (see, *Matter of Trainosky v New York State Dept. of Taxation & Fin.,* 105 AD2d 525).

MIKOLL, J. (dissenting). A notice of discipline dated September 10, 1981 was served on intervenor, Luis Diaz, an employee of Pilgrim Psychiatric Center, charging him with having kicked a patient and seeking the termination of his employment. He was immediately suspended without pay. On that same day, Diaz sought and received the assistance of Vito Bertini, a grievance representative of petitioner Civil Service Employees Association, Inc. (CSEA). Bertini prepared a grievance form which Diaz signed, wherein Diaz waived his right to an agency level meeting and requested arbitration as provided in the collective bargaining agreement. Bertini gave the form to Rudy Perone, chairman of CSEA's grievance committee, who in turn sent copies to the State Bureau of Employee Relations of the Office of Mental Health, Irene Cummings, CSEA's arbitration administrator, and Lester Lipkin, CSEA's attorney. The collective bargaining agreement required that the request for arbitration be filed directly with the American Arbitration Association (AAA) within 14 days of service of the notice of discipline. A copy was not sent to AAA at this time.

Thereafter, a representative of the Office of Mental Health contacted Bertini and inquired why the disciplinary charges were filed with him. Bertini became suspicious and called

Cummings but she was on vacation. He then contacted Nat Zummo, a CSEA field representative, who told Bertini that he had correctly filed the request for arbitration. On September 28, 1981, upon returning from vacation, Cummings called Bertini and advised him that the request for arbitration should have been filed directly with AAA. Bertini immediately did so. An arbitrator subsequently dismissed the grievance because the request was not timely filed. Diaz was thereafter terminated.

Diaz next filed an improper practice charge with respondent Public Employment Relations Board (PERB) against the State and CSEA. In essence, the allegations against CSEA were that (1) its untimely appeal to arbitration was grossly negligent, (2) its untimely appeal to arbitration was knowing, deliberate and in bad faith, and (3) its refusal to seek judicial review of the arbitration award was in breach of its obligations. An Administrative Law Judge (ALJ) held a hearing and thereafter dismissed the charge in its entirety.

Diaz then filed exceptions to the ALJ's decision with PERB. PERB confirmed the decision of the ALJ except for that part which found that CSEA was not grossly negligent in its handling of Diaz's request for arbitration. As to this, PERB held that CSEA's failure to adequately train Bertini or provide him with sufficient organizational support amounted to gross negligence. PERB then concluded that CSEA breached its duty of fair representation and thereby engaged in an improper practice in violation of Civil Service Law § 209-a (2). Subsequently, CSEA and its local president, Joseph Noya, brought this proceeding pursuant to CPLR article 78 seeking to annul PERB's decision. Supreme Court transferred the proceeding to this court.

Petitioners first contend that CSEA was deprived of due process by not being afforded notice of the charge against it which was to be decided by PERB. Petitioners argue that, had CSEA been apprised that the "failure to train" Bertini issue was going to be the basis for PERB's resolution of the case, they could have submitted additional evidence in support of their position. However, we find that petitioners were not deprived of due process but were properly notified of the charges asserted against CSEA.

The charge against CSEA was couched in broad terms. It alleged that CSEA's untimely appeal to arbitration was grossly negligent. This gave notice of the entire course of

conduct which led to the untimely request for arbitration, including CSEA's failure to adequately instruct Bertini on how to handle such a request. Significantly, PERB's decision did not rest solely on CSEA's failure to adequately train Bertini as a grievance representative. Rather, PERB also based its decision on CSEA's failure to provide Bertini with sufficient organizational support. Moreover, the ALJ had asked the parties to notify him of any need for clarification of any issues prior to the hearing, but none was forthcoming. CSEA also failed to move for particularization of the charge pursuant to 4 NYCRR 204.3 (b). Accordingly, CSEA was not deprived of due process because of inadequate notice of the charges.

Turning next to the substantive issues, petitioners contend that PERB's determination that CSEA breached its duty of fair representation and thereby committed an improper practice in violation of Civil Service Law § 209-a (2) was not supported by substantial evidence. We disagree. The determination is supported by substantial evidence. It should therefore be confirmed and the petition dismissed.

It must first be determined whether PERB applied the proper standard in arriving at its determination. In *Vaca v Sipes* (386 US 171), an employee challenged his union's refusal to take his grievance to arbitration. Although the United States Supreme Court denied the employee's claim, it stated that the duty of fair representation is breached "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith" *(supra,* at 190). The court also indicated that a union's perfunctory handling of a grievance could provide the basis for a breach of the duty of fair representation *(see, supra,* at 191).

In *Jackson v Regional Tr. Serv.* (54 AD2d 305), a union chose to arbitrate the merits of a grievance of a discharged employee. The union, however, neglected to name its arbitrator within the contractual time period and, as a result, the grievance was dismissed as nonarbitrable. The Second Department held that the union's negligent conduct in allowing the time limit to expire was arbitrary and violated the duty of fair representation as set forth in *Vaca v Sipes (supra).* This case was followed in *McKay v Smith* (92 Misc 2d 606), where the union similarly failed to timely file a grievance for its member as promised. Such conduct was also held arbitrary and violative of the union's duty of fair representation.

The *Jackson* and *McKay* cases *(supra)* are not inconsistent with *Smith v Sipe* (67 NY2d 928, *revg on dissenting opn below* 109 AD2d 1034), as the conduct of the union in that case was the negligent giving of incorrect advice by the union to the plaintiff which induced him to resign from his job rather than face disciplinary charges. This conduct is properly characterized as of a discretionary nature, the exercise of which the union should be afforded a "wide range of reasonableness" *(Ford Motor Co. v Huffman,* 345 US 330, 338). To the contrary, both *Jackson* and *McKay* concerned purely ministerial acts involving absolutely no discretion and the employees in both cases were severely prejudiced by being effectively deprived of the right to an arbitration hearing, a due process right. The conduct of the union in the present case is factually analogous to that of the unions in *Jackson* and *McKay.* It rose above the level of mere negligence involved in *Sipe* to the level of gross negligence *(see, Robesky v Qantas Empire Airways,* 573 F2d 1082; *Ruzicka v General Motors Corp.,* 523 F2d 306; *Seeley v General Motors Corp.,* 526 F Supp 542). Accordingly, PERB properly considered gross negligence in deciding whether CSEA breached its duty of fair representation.

Petitioners' contention that PERB's determination concerning CSEA's conduct is not supported by sufficient evidence is also without merit. Gross negligence is defined as conduct of an aggravated character which discloses a failure to exercise even slight diligence (41 NY Jur, Negligence, § 27, at 39-40), and as the "disregard of the consequences which may ensue from the act, and indifference to the rights of others" *(id.,* at 40). The testimony of Bertini before the ALJ indicates that it was not just Bertini who was responsible for the untimeliness of Diaz's appeal. Perone initially failed to mail the request for arbitration at a time when it would have been timely. Zummo erroneously misinformed Bertini that Bertini had done everything correctly, also at a time when the error could have been remedied. Cummings, who apparently was the only one who knew the proper procedure to be followed, evidently went on vacation without there being a competent replacement on hand. These omissions were the responsibility of CSEA and, when coupled with the failure to train Bertini, were quite egregious *(see, Robesky v Qantas Empire Airways, supra; Ruzicka v General Motors Corp., supra).* Moreover, CSEA has advanced no legitimate explanation for its conduct. Thus, there is substantial evidence in the record to support PERB's determination that CSEA's conduct in failing to adequately

train Bertini or provide him sufficient organizational support constituted gross negligence in breach of CSEA's duty of fair representation.

Finally, in finding that CSEA's breach of duty violated Civil Service Law § 209-a (2), PERB improperly engaged in statutory construction of the word "deliberately" as used in Civil Service Law § 209-a (2). PERB found that the word "deliberately" as used in the statute was not meant to apply only to deliberately intended consequences, but was meant to apply more broadly to deliberate conduct. Consequently, PERB held that the statute encompassed gross negligence. There was no necessity to apply any particular administrative expertise to construe the word "deliberately". Thus, the deference normally accorded an agency's interpretation of the statute it is charged with enforcing need not be given here (see, Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). PERB's interpretation would mean that mistaken, yet intended acts of a union, which are only mere negligence, would be violative of the statute. This is not in agreement with the governing law on this issue which holds that only grossly negligent conduct violates a union's duty of fair representation. We would construe "deliberately" more narrowly to refer to intended consequences, and since gross negligence contemplates conduct which implies a "disregard of the consequences which may ensue from the act" (41 NY Jur, Negligence, § 27, at 40), it encompasses the instant case.

The determination should therefore be confirmed and the petition dismissed.

MAHONEY, P. J., and HARVEY, J., concur with KANE, J.; WEISS and MIKOLL, JJ., dissent and vote to confirm in an opinion by MIKOLL, J.

Determination annulled, without costs, petition granted and charges dismissed.