■ In the Matter of THOMAS F. HARTNETT, as Commissioner of Labor of the State of New York, Petitioner, v WADE-MARK ELEVEN, INC., et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Industrial Board of Appeals of the State of New York, dated

April 7, 1988, which after a hearing, revoked an order of the petitioner, the Commissioner of Labor, dated March 28, 1986, which found that the respondent Wade-Mark Eleven, Inc., had violated Labor Law § 196-d.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On March 28, 1986, the Commissioner issued an order to the respondent, Wade-Mark Eleven, Inc. (hereinafter Wade-Mark), directing it to pay a former employee $1,446.38 in wrongly appropriated tips, interest and a civil penalty. The basis of the order was the Commissioner's conclusion that Wade-Mark violated Labor Law § 196-d by operating a mandatory tip-sharing policy. Specifically the Commissioner found that Wade-Mark required its waitresses to turn over to management 2% of their gross sales receipts for each shift, which would be put into a "tip-pool" and distributed to other employees. Wade-Mark subsequently petitioned the Industrial Board of Appeals of the State of New York to review the Commissioner's order. After a hearing, the Board found that the tip-pooling arrangement was voluntary.

Judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record (CPLR 7803 [4]). In other words, this court must determine whether there exists a rational basis to support the findings upon which the agency's determination is predicated (*Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400; *see also, Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *Matter of County of Nassau v State of New York Pub. Employment Relations Bd.*, 103 AD2d 274).

In this case, there was testimony at the hearing by the vice-president and director of operations for Wade-Mark that the tip-sharing arrangement was completely voluntary and operated by the employees. There was also testimony by an investigator with the enforcement division of the New York State Department of Labor that the management of Wade-Mark did not retain any of the money in the tip pool for itself. Thus, substantial evidence exists to support the determination at issue. Mangano, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.