■ ALYCE GORDON, Appellant, v BOARD OF EDUCATION, CITY OF NEW YORK, et al., Defendants, and UNITED FEDERATION OF TEACHERS, LOCAL No. 2, Respondent.—In an action, *inter alia,* to recover damages for an alleged breach of the duty of fair representation, the plaintiff appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), dated March 7, 1989, as granted the motion of the defendant United Federation of Teachers, Local No. 2 to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as it is asserted against it.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The Board of Education of the City of New York appointed the plaintiff Alyce K. Gordon as a probationary teacher pursuant to Education Law § 2569-a, which requires a three-year probationary period without a reduction for any prior substitute service. The plaintiff's employment was terminated on the ground of unsatisfactory performance before the end of the three-year probationary term. After hearings conducted pursuant to the Board of Education's bylaws by the Chancellor's review committee, the determination was affirmed. Thereafter, the plaintiff commenced this action against the Board of Education to recover damages for the allegedly illegal termination of her employment and against the United Federation of Teachers, Local No. 2 (hereinafter the UFT) for breach of the duty of fair representation.

The trial court properly found that the plaintiff's claim that she had tenured status was not supported by the record and that the UFT did not breach its duty of fair representation to her. The duty of fair representation is breached when the conduct involved is "deliberately invidious, arbitrary [and] founded in bad faith" *(Matter of Civil Serv. Employees Assn. v Public Employment Relations Bd.,* 132 AD2d 430, 432, *affd* 73 NY2d 796).

The UFT did not treat the plaintiff differently from other similarly situated members of the collective bargaining unit. It investigated her claim to the extent that it could under the law and exercised its business judgment not to pursue her claim for reinstatement, which had already been found lacking in merit by the Commissioner of the State Education

Department in an administrative proceeding before him in 1985. Measured by the above standard, there is no basis for a finding that the UFT's conduct was deliberately invidious, arbitrary and founded in bad faith. Consequently, the court properly granted the UFT's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as it is asserted against it. Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.