■ In the Matter of VERNETTA R. GARVIN, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and UNITED UNIVERSITY PROFESSIONS, Intervenor. —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board, dated October 12, 1988, which, after a hearing, dismissed the petitioner's improper practice charge against the intervenor, United University Professions, for failure to prove a prima facie case.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs.

The petitioner was employed by the University of the State of New York (hereinafter SUNY) as an administrative assistant at Downstate Medical Center in Brooklyn. In June 1984, her supervisor asked her to resign. Since her personnel file did not contain a performance program, as required by the collective bargaining agreement between SUNY and her employee organization, United University Professions (hereinafter UUP), was successful in bringing about a settlement, whereby the petitioner remained in her position and an appropriate evaluation program was established. Ultimately, the petitioner was not reappointed to her position, based on a poor evaluation.

Under the terms of the collective bargaining agreement between SUNY and UUP, there existed a four-step procedure for the bringing of grievances. Accordingly, the petitioner, through the efforts of UUP, instituted a contractual grievance procedure against SUNY. The petitioner's grievance was denied through step III. UUP then declined to bring the grievance to step IV (arbitration), finding no sound contractual basis which would justify seeking arbitration. The petitioner brought an improper practice charge against UUP pursuant to Civil Service Law § 209-a (2) (a) to the respondent New York State Public Employment Relations Board (hereinafter PERB). After a hearing was held before a PERB Administrative Law Judge, the petitioner's case was dismissed for failure to prove a prima facie case. Upon review, PERB adhered to the Judge's decision. Garvin then brought the instant proceeding to review PERB's determination.

In order to establish a breach of the duty of fair representation against a union, there must be a showing that the activity, or the lack thereof, was arbitrary, discriminatory, or in bad faith (see, Matter of Civil Serv. Bar Assn. Local 237 v City of New York, 64 NY2d 188, 195-196; Matter of Civil Serv.

*Employees Assn. v Public Employment Relations Bd.,* 132 AD2d 430, *affd* 73 NY2d 796). A union is not required to carry every grievance to the highest level, and the mere failure on the part of a union to proceed to arbitration with a grievance is not, per se, a breach of its duty of fair representation *(see, Symanski v East Ramapo Cent. School Dist.,* 117 AD2d 18, 21; *Matter of Trainosky v New York State Dept. of Taxation & Fin.,* 105 AD2d 525). There is no evidence in this record that the conduct of UUP was the product of bad faith, arbitrariness, or discriminatory conduct. Accordingly, we conclude there was substantial evidence for PERB's determination *(see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Hartnett v Wade-Mark Eleven,* 156 AD2d 559). Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.