■ In the Matter of UNITED FEDERATION OF TEACHERS, Appellant, v CITY OF NEW YORK, Appellant, and NEW YORK CITY BOARD OF COLLECTIVE BARGAINING et al., Respondents. In the Matter of CITY OF NEW YORK et al., Appellants, v UNITED FEDERATION OF TEACHERS, Appellant, and JOSE E. MORALES et al., Respondents. [63 NYS3d 38]—

Judgments, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 21, 2016, denying the petitions seek-

ing, among other things, to annul a determination of respondent New York City Board of Collective Bargaining (the Board), dated July 10, 2012, which found that petitioner United Federation of Teachers, Local 2, AFT, AFL-CIO (UFT) breached the duty of fair representation it owed to respondent Jose Morales, and directed UFT and the City to take all necessary steps to process Morales's grievance pursuant to the contractual grievance process without accepting any defense based on the untimeliness of the appeal from the Step II decision dated July 15, 2009, and dismissing the proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The Board's determination is not arbitrary and capricious, inconsistent with lawful procedures, or an abuse of discretion. The Board had a reasonable basis for concluding that UFT breached the duty of fair representation it owed to Morales by, among other things, failing to file a timely appeal from the July 15, 2009 decision terminating his employment with the New York City Police Department, following a Step II hearing under the applicable collective bargaining agreement, in the absence of any apparent excuse for UFT's failure to do so until December 11, 2009, more than four months after the expiration of the contractual 10-business-day deadline to file an appeal from a Step II determination (*compare Young v United States Postal Serv.*, 907 F2d 305, 307-309 [2d Cir 1990], *with Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd.*, 132 AD2d 430 [3d Dept 1987], *affd* 73 NY2d 796 [1988]).

UFT was not deprived of an opportunity to establish an excuse for its conduct, because it was obligated to set forth a statement of facts and legal arguments in its answer to Morales's second improper practice petition, and UFT had the right to submit evidence in support of that answer (*see* 61 RCNY 1-07 [c] [3]). The court properly declined to consider a UFT representative's affidavit concerning his involvement in the failure to timely appeal, because it was not part of the administrative record (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]).

The Board reasonably rejected the argument that UFT was not required to pursue the appeal under a provision of the collective bargaining agreement stating: "If the grievant is not satisfied with the determination of the agency head or designated representative *the grievant or the Union* may appeal to the Commissioner of Labor Relations in writing within ten (10) workdays of the determination" (emphasis added). The Board interpreted that emphasized language to permit the union to decline to pursue a grievance in the first place, but

not to excuse a union from exercising diligence in appealing from an adverse Step II determination once the union has begun to represent an employee, and we must defer to this reasonable interpretation (*see Matter of Uniformed Firefighters Assn. of Greater N.Y. v City of New York*, 114 AD3d 510, 514 [1st Dept 2014], *lv denied* 23 NY3d 904 [2014]).

The Board did not violate a lawful procedure by declining to hold a hearing (*see* 61 RCNY 1-07 [c] [8]).

The City's arguments that the Board's decision granted an improper remedy and exceeded the Board's authority by effectively vacating an arbitration award that had already been confirmed by a court are unpreserved, and this Court has "no discretionary authority" to "reach[ ] an unpreserved issue in the interest of justice" in an article 78 proceeding challenging an administrative determination (*Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001] [internal quotation marks omitted]). We have considered and rejected the City's arguments concerning preservation. Concur—Manzanet-Daniels, J.P., Mazzarelli, Moskowitz, Kahn and Kern, JJ.