■ DINO DE CHERRO, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 9, 1977 in Albany County, which denied a motion by the defendant to dismiss the first cause of action of the plaintiff's complaint. Plaintiff, a State employee, was injured while at work and, thereafter, he was unable to report for work for a period of time because of his injuries. As a result of this absence, plaintiff was deemed to have resigned from service pursuant to 4 NYCRR 5.3 (d) which stated that an employee who is absent without explanation for a period of 10 work days is deemed to have resigned. Plaintiff was a member of the Civil Service Employees Association (CSEA) and requested assistance from CSEA in regaining his job. Plaintiff ultimately hired his own attorney and was successful in securing his reinstatement with back pay. Thereafter, he was advised to make a formal application to obtain his legal expenses from CSEA. CSEA declined reimbursement, however, because of plaintiff's failure

to seek its approval prior to hiring counsel. Following this declination, plaintiff sued CSEA for damages and attorney's fees charging CSEA with a breach of its obligation of fair representation for failure to provide legal counsel and with breach of the labor contract to provide legal representation. CSEA moved to dismiss the first cause of action of the complaint seeking reimbursement for legal expenses. Special Term denied the motion and the present appeal ensued. Defendant asserts that the Supreme Court is without jurisdiction in this matter and that consideration of a breach of fair representation is within the exclusive purview of the Public Employment Relations Board (PERB). It is defendant's contention that article 14 of the Civil Service Law, commonly known as the Taylor Law, pre-empts the court's jurisdiction because section 205 (subd 15, par [d]) of that law vests PERB with "exclusive nondelegable jurisdiction" over "improper employer and employee organization practices". We disagree. PERB's sphere of exclusive jurisdiction is limited and does not preclude judicial relief in matters outside its range of jurisdiction (*Matter of Jefferson County Bd. of Supervisors v New York State Public Employment Relations Bd.,* 36 NY2d 534). At issue in this case is not an improper employment practice over which PERB has exclusive authority, but rather, an issue concerning whether or not the duty of fair representation guaranteed to plaintiff by the employment contract has been fulfilled. The Supreme Court retains jurisdiction over all labor contracts when the question of fair representation arises (*Gosper v Fancher,* 49 AD2d 674, affd 40 NY2d 867, cert den 430 US 915). This provides employees with assurance of impartial review of union conduct. To hold otherwise in this case would strip the public employee of the protection afforded by the fair representation doctrine (*Jackson v Regional Tr. Serv.,* 54 AD2d 305). The defendant also urges that the complaint fails to state a cause of action in that plaintiff has not alleged the elements necessary to constitute an action for breach of the duty of fair representation based upon the contract language. Plaintiff's separation from employment occurred automatically due to the expiration of a period of time following a disabling injury sustained while at work (4 NYCRR 5.3 [d]). The complaint alleges, *inter alia,* plaintiff requested legal assistance from defendant subsequent to his retention of private counsel and reinstatement, that the defendant was obliged to provide such service pursuant to article 33 of its collective bargaining agreement and that defendant failed to provide it by refusing to reimburse his legal expenses. Article 33 of the collective bargaining agreement on which plaintiff's cause of action is predicated, provides as follows: "Resignation and Discipline 33.1 Effective July 1, 1973, the following disciplinary procedure for incompetency or misconduct shall apply to all employees as provided herein in lieu of the procedure specified in the Civil Service Law Sections 75 and 76. 33.2 Employee Rights a. An employee shall be entitled to representation by CSEA or an attorney at each step of the disciplinary procedure." Defendant contends that article 33 is clearly inapplicable to circumstances attendant on this case. We agree. Plaintiff lost his job because of an automatic resignation under 4 NYCRR 5.3 (d). Article 33 deals with a discipline situation under the contract; separation under 4 NYCRR 5.3 (d) is not covered by such a provision (*Matter of Dunn v Simon,* 16 AD2d 719, mot for lv to app den 11 NY2d 646). In any event, no fair reading of article 33 allows the inference that it permits reimbursement for the expenses of private counsel. As a matter of law, the employment agreement does not provide a basis for the complaint (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290-291) and the complaint must be dismissed for failure to state a legally sufficient cause of action

(CPLR 3211). Order reversed, on the law, without costs, and motion granted with leave to plaintiff to replead if he be so advised. Kane, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.