OPINION OF THE COURT
Vincent E. Doyle, J.
Motion by defendant for an order dismissing plaintiff’s action pursuant to CPLR 3211 (a) on the grounds: (1) that it is time barred (CPLR 3211 [a] [5]); (2) that it fails to state a cause of action (CPLR 3211 [a] [7]), and (3) because the court should not proceed in the absence of a person who should be a party (CPLR 3211 [a] [10]). Plaintiff opposes the motion.
Plaintiff who was employed as a tenured associate professor in the Educational and Research Development Center at the State University of New York (SUNY) College at Fredonia was also a *119 member of the defendant union, the exclusive bargaining representative for certain employees of SUNY including the plaintiff. On or about August 26,1981, plaintiff received a letter from the college advising that his employment would be terminated as of August 31, 1982 because of the retrenchment or elimination of his position.
Defendant, pursuant to a four-step grievance procedure contained in the collective bargaining agreement (Agreement) between defendant and SUNY, filed a grievance for plaintiff contesting his retrenchment on contractual grounds sometime in the fall of 1981. The grievance was denied in December 1981 because the defendant had not responded to requests of the college for information. Subsequently, defendant filed a step two and step three grievance which were denied on or about June 21, 1983 on the basis that the defendant had failed to present any further evidence or argument to substantiate plaintiff’s grievance. The agreement provided that a written notice of intent to proceed to arbitration had to be filed within 10 days’ receipt of the step three response. In December 1982, defendant notified plaintiff it had decided not to take the matter to arbitration (the final step of the grievance procedure). Because of this decision by the defendant, plaintiff on or about June 17, 1983, commenced the instant action against defendant seeking damages for its alleged failure to adequately and properly represent him and for its negligent processing of his application for retraining.
There is no specific applicable Statute of Limitations in New York governing the institution of an action which alleges the violation of a duty by a union to fairly represent the members of the bargaining unit it represents. Recent Federal court cases have addressed themselves to analogous Statutes of Limitation and/or regulations of administrative agencies which should be applied in an action based upon the violation of a union’s duty of fair representation to its membership.
In United Parcel Serv., Inc. v Mitchell (451 US 56), the employee brought action against his employer alleging it had discharged him in violation of the collective bargaining agreement and that the union had breached its duty of fair representation. An arbitration hearing resulted in a decision upholding the discharge. The United States District Court held the actions were barred by the New York 90-day Statute of Limitations (see, CPLR 7511 [a]). The Circuit Court of Appeals reversed and held a six-year contract Statute of Limitations applied (see, CPLR 213 [2]). Finally, the United States Supreme Court upholding the District Court applied New York’s 90-day rule. The court *120 expressly declined to address the contention that it should borrow a Federal Statute of Limitations, namely, National Labor Relations Act (NLRA) § 10 (b) (29 USC § 160 [b]). Certain dicta of the majority opinion might suggest that the 90-day statute was applicable both to the action against the employer and to the action against the union. Against this ambiguity, Justice Stevens wrote in a dissent that since the timeliness of the action against the union was not before the court for determination, any determination as to the applicable Statute of Limitations should be held until the issue is before the court (United Parcel Serv., Inc. v Mitchell, supra, at p 75). Justice Stevens suggested that the action against the union is more properly characterized as a malpractice claim against “a lawyer who negligently allows the statute of limitations to run on his client’s valid claim [who] may be liable to his client even though the original defendant no longer has any exposure” (United Parcel Serv., Inc. v Mitchell, supra, at p 74). The dissent believed the proper Statute of Limitations to apply to a claim against the union for breach of its duty of fair representation would be New York’s CPLR 214 (6).
However, on June 8, 1983, the United States Supreme Court decided DelCostello v Teamsters and United Steelworkers v Flowers (462 US 151). The court decided that these two actions both alleging that an employer breached a collective bargaining agreement, and that a union breached its duty of fair representation in handling a grievance, will henceforth be governed by the six-month limitations period contained in NLRA § 10 (b) for the filing of unfair labor practice charges. At issue were two fair representation suits filed by employees. In the Flowers case, the District Court for the Western District of New York applied New York’s 90-day limitation period for actions to vacate arbitration awards. The Court of Appeals concluded as to the union that the New York three-year Statute of Limitations applied. In the Supreme Court, both employees contended the six-month limitations period of NLRA § 10 (b) should apply. The court agreed on the ground that such suits are a hybrid breach of contract/fair representation cause of action with no appropriate analogy in State law. The court explained State laws provide very short times in which to sue for vacation of arbitration awards. Such State limitations periods fail to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights under the fair representation doctrine (DelCostello v Teamsters and United Steelworkers v Flowers, supra, at p 166). Justice Stevens again dissented on the ground that the court should not have departed *121 from its usual practice of borrowing State Statutes of Limitation. His view, previously stated in Mitchell (supra), is that suits for a breach of duty of fair representation should be governed by the State limitations period for attorney malpractice suits.
Defendant urges, notwithstanding, that New York’s Code of Rules and Regulations governing PERB procedures at 5 NYCRR 204.1 (a) (1) stating that improper practice charges (such as the allegation of breach of the duty to fairly represent) must be brought within four months of occurrence should apply to the instant case, thus time barring plaintiff’s cause of action.
Throughout the Mitchell opinion, the court relied on the existence of an arbitration award (United Parcel Serv., Inc. v Mitchell, 451 US 56, 61, 62, n 4, 63-64, supra) where the parties had enjoyed the advantages of a full evidentiary hearing before an impartial hearing officer. Where, as here, the parties have not enjoyed the benefits of arbitration, a different situation is presented. The factual background of this case emphasizes the serious problems created by a short limitations period where the union decides to forego arbitration. Even though plaintiff never had the advantages of a formal arbitration, and even though he was not privy to the union’s decision to forego arbitration, defendant urges, plaintiff nonetheless should be required within four months to (1) ascertain whether his union actually intended to arbitrate the pending grievance, (2) determine when the employer’s decision to eliminate his job became final and binding under the terms of the agreement, and (3) commence court proceedings. This seems unnecessarily burdensome. The more appropriate limitations period is found in NLRA § 10 (b) (29 USC § 160 [b]), which provides a six-month time bar for unfair labor practice action commenced under the statute as stated in the decision of DelCostello (462 US 151, supra). Thus, this court holds a six-month Statute of Limitations applies to the instant case.
Turning to defendant’s second contention, plaintiff must not only show that his discharge was contrary to the contract but also demonstrate breach of its duty by the union (see, Hines v Anchor Motor Frgt., 424 US 554, 570-571 [1976]). Pursuant to United Parcel Serv., Inc. (451 US 56, supra), a plaintiff must prevail upon his unfair representation claim before he may even litigate the merits of his claim against the employer (United Parcel Serv., Inc. v Mitchell, supra, at p 67). The indispensable predicate for an action against the employer pursuant to Labor Management Relations Act § 301 (29 USC § 185) is not a showing under traditional contract law that the discharge was a *122 violation of the collective bargaining agreement, but instead a demonstration that the union breached its duty of fair representation. Plaintiff is required in some way to show that the union’s duty to represent him fairly at the arbitration had been breached (here it is the union’s failure to take plaintiff’s grievance to arbitration) before he is entitled to reach the merits of his claim against the employer (United Parcel Serv., Inc. v Mitchell, supra, at p 62). In the instant case, plaintiff has brought action only against the union and plaintiff’s complaint in the instant case does state a proper cause of action.
As to defendant’s third contention, the employee may, if he chooses, sue one defendant and not the other (Jackson v Regional Tr. Serv. (54 AD2d 305). What plaintiff must prove is the same whether he sues one or both (see, DelCostello v Teamsters, supra; Vaca v Sipes, 386 US 171, 186-187). Thus, defendant’s motion to dismiss on these grounds must be denied.
Finally, defendant’s contention that without joining the employer, apportionment of damages cannot be adequately determined, was addressed and answered in Vaca v Sipes (supra). The governing principle is to apportion liability between the employer and the union according to the damage caused by the fault of each. Obviously damages attributable solely to the employer’s breach of contract cannot be charged to the union. This principle was recently confirmed in the case of Bowen v United States Postal Serv. (459 US 212 [1983]) where the United States Supreme Court concluded that damage awards in cases alleging employer’s violation of a collective bargaining contract and a union’s breach of the duty of fair representation must be apportioned between the employer and the union according to the relative fault of each, with the union bearing responsibility for any increase in damages caused by its refusal to process a grievance. The grievance procedure imposes a pivotal role on the union. When the union, as the explicit agent of the employee, waives arbitration as here, or fails to seek review of an adverse decision the employer should be in substantially the same position as if the employee had had the right to act on his own behalf and had done so (Bowen v United States Postal Serv., supra, at p 226).
■ In the instant case, the fault of the union in breaching its duty to plaintiff may be determined by the trier of the facts without the joinder of the employer. The total amount of plaintiff’s damages may also be determined in this same lawsuit. Pursuant to the principle laid down in Vaca (supra) and confirmed in Bowen (supra), the portion of total damages attributable to the union may then be determined.
*123 Significantly, if defendant feels some prejudice may accrue to it by nonjoinder of the employer in the same lawsuit with the union, it has the right to implead the employer (CPLR 1007). Consequently, plaintiff is not required to bring action against both parties.
For all of the foregoing reasons, defendant’s motion to dismiss plaintiff’s complaint is denied.