OPINION OF THE COURT
Edwin Margolis, J.
On February 17, 1988, the following papers were read on motion by defendant for an order of dismissal.
Papers Numbered
Notice of motion and affidavit 1
Affidavit in opposition 2
Defendant’s responding affirmation 3
Filed papers: Claim 4
This action is brought by a former employee of the State who seeks to recover damages for wrongful termination of employment. The claim’s principal allegation is that, in discharging claimant, the State breached a provision of the collective bargaining agreement which had been negotiated by *18 claimant’s union. As a necessary predicate for bringing such an action against the employer, the claim also alleges that the union breached its duty of fair representation toward claimant in connection with processing his grievance.
Claimant’s noncompetitive class position as research scientist V at the Nathan Kline Institute for Psychiatric Research, a facility of the State’s Office of Mental Health, was abolished and he was suspended (laid off) at the close of business on May 25, 1983. His union, Professional Employees Federation AFL-CIO (PEF), instituted a grievance on behalf of all employees who held the title and were laid off; the resultant arbitration was concluded in favor of the employer on June 4, 1987. The instant claim was commenced by way of a notice of intention to file a claim filed with this court and served on the Attorney-General in October 1987.
Initially, we note that the claim also purports to state a cause of action based on the State’s alleged violation of section 80-a of the Civil Service Law which governs the abolition of noncompetitive class positions. As argued by defendant, this statute does not create an independent cause of action for money damages against the State. It has been held that the proper course to be followed by a competitive class employee who has been injured through a violation of analogous section 80 is to commence a CPLR article 78 proceeding to obtain reinstatement and recover back wages. (Cohen v Department of Social Servs., 37 AD2d 626, affd 30 NY2d 571.) Claimant appears to have abandoned this cause of action in his submissions opposing the motion, and it will be dismissed.
Defendant moves to dismiss the cause of action alleging breach of the collective bargaining agreement on the following grounds: arbitration and award, election of remedies, collateral estoppel, lack of subject matter jurisdiction, failure to state a cause of action and untimeliness. The defenses of arbitration and award, election of remedies, and collateral estoppel are unavailing. This cause of action is premised on two factors: the union’s breach of its duty of fair representation and the employer’s breach of the collective bargaining agreement. In the context of private employment such a two-pronged “hybrid” action is based on the National Labor Relations Act (Labor Management Relations Act of 1947 § 301 [29 USC § 185]) as against the employer, and on the Act’s implied duty of fair representation as against the union. (Vaca v Sipes, 386 US 171.) The employee’s right to bring such an action exists "notwithstanding the outcome or finality of the *19 grievance or arbitration proceeding” (DelCostello v Teamsters, 462 US 151, 164).
In the context of public employment in New York State, the courts have recognized similar duties and rights as arising from the role of public sector unions as exclusive bargaining representatives (Matter of Civil Serv. Bar Assn. v City of New York, 64 NY2d 188, 196; De Cherro v Civil Serv. Employees Assn., 60 AD2d 743); the relationship is governed by New York’s Taylor Law, specifically section 204 of the Civil Service Law (Baker v Board of Educ., 70 NY2d 314, 320). The precondition for a represented employee’s action against his public employer is the same as it is under Federal law: "Unless the contract provides otherwise, only when the union fails in its duty of fair representation can the employee go beyond the agreed procedure and litigate a contract issue directly against the employer” (Matter of Board of Educ. v Ambach, 70 NY2d 501, 508). Thus, in the instant action, the existence of a final arbitration award does not bar claimant’s right to commence this action against his employer.
The remaining grounds on which defendant seeks dismissal are less easily addressed, for we have not been able to locate any case in which an employee of the State has sought to commence an action of this type in this court. The court’s jurisdiction to entertain such a suit must first be considered.
Clearly the court has jurisdiction to hear claims for money damages against the State of New York, and, under both Federal and State law, an employer who has violated the terms of its collective bargaining agreement is liable for the portion of damages suffered by the employee which is attributable to its wrongful conduct. (See, Bowen v United States Postal Serv., 459 US 212; Mohan v United Univ. Professions, 127 Misc 2d 118, 122.) However, as stated above, the employee must first prove that his union breached its duty of fair representation before he may even litigate the merits of his claim against his employer (Mohan v United Univ. Professions, 127 Misc 2d 118, 121, supra, citing to United Parcel Serv. v Mitchell, 451 US 56, 67), and this court naturally has—and can have—no jurisdiction over the union.
There is both Federal and State authority indicating that it is not necessary to bring simultaneous actions against both the employer and union. Certainly a simultaneous or joint action is the more common approach and generally more beneficial from the employee’s point of view. (See generally, *20 McKay v Smith, 92 Misc 2d 606, 609.)* However, the United States Supreme Court stated, in DelCostello v Teamsters (462 US 151, 165, supra), "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.” There have been a number of actions in New York in which it has been held or implied that the employer is not a necessary party. (See, e.g., Mohan v United Univ. Professions, 127 Misc 2d 118, 122, supra; McKay v Smith, 92 Misc 2d 606, 609, supra.)
More importantly for our purposes, there are at least two cases which indicate that the union is not a necessary party to a suit against the employer. In Jackson v Regional Tr. Serv. (54 AD2d 305), the Fourth Department reversed a lower court’s dismissal of an action alleging breach of a collective bargaining agreement where that dismissal had been based, inter alia, on the employee’s failure to join the union as a party. Although the opinion in Jackson does not discuss this issue, reversal would not have been possible if a necessary party was absent. In Albino v City of New York (80 AD2d 261), the Second Department considered an action that had been brought only against the employer and affirmed its dismissal not on the argument that the employees’ only remedy was an action against his union but on the employee’s failure to prove that his union had breached its duty of fair representation. Therefore, we conclude that an action asserted only against the employer is viable and thus the instant claim falls within the jurisdiction of this court.
Although the union is not and cannot be a party to the action, the union’s actions in representing claimant’s interests in the arbitration will be an element of the cause of action and claimant must plead and prove the union’s breach in order to reach the question of whether the State breached the terms of the collective bargaining agreement. If this claim is construed liberally, as it must be (Rovello v Orofino Realty Co., 40 NY2d 633, 634), a cause of action has been stated. Defendant does not dispute that the facts contained in the claim, if proven, would establish a violation of article 23 of the collective bargaining agreement by the State. Equally important, if not more so in view of the showing necessary for success in *21 this action, claimant has adequately alleged a violation of his union’s duty of fair representation.
Ascertaining whether, in any given instance, a union has breached its duty of fair representation is essentially a factual determination; a breach occurs only when the union’s conduct toward its member is shown to be " 'arbitrary, discriminatory, or in bad faith’ ”. (Matter of Civil Serv. Bar Assn. v City of New York, 64 NY2d 188, 196, supra, quoting Vaca v Sipes, 386 US 171, 190, supra.) Mere negligence on the part of the union would not constitute a breach of the duty. (Smith v Sipe, 67 NY2d 928, revg 109 AD2d 1034 [on dissenting mem].)
Paragraph 16 of the claim reads as follows: "Notwithstanding PEF’s duty to represent claimant’s interest fairly & competently, arising out of Labor-Management act, PEF breached its duty by failing to process the grievance fairly, by failing to investigate relevant merits of the case of this claimant and by misrepresenting certain true employment records of claimant at the said arbitration.” Claimant’s reference to the "Labor-Management act” (presumably the Labor Management Relations Act of 1947 [29 USC § 141 et seq.]) is technically incorrect for, as noted above, in New York a recognized union’s duty toward public employees arises from the State’s Taylor Law (Civil Service Law § 204). (Baker v Board of Educ., 70 NY2d 314, 320, supra.) Nevertheless, claimant’s factual allegations that the union unfairly processed the grievance, failed to investigate relevant information, and misrepresented claimant’s employment records would, if proven, establish conduct on the part of the union that was arbitrary, discriminatory, or in bad faith.
Finally, we turn to the issue of claimant’s compliance with the applicable time limitations. Claimant’s notice of intention was filed and served in October 1987 and the claim was filed on December 24, 1987 and served on January 5, 1988. Defendant takes the position that any cause of action stated in the claim accrued on May 25, 1983, the date on which claimant’s employment ended. Claimant asserts that the action was commenced in a timely fashion because the cause of action for breach of the collective bargaining agreement accrued only when the grievance and arbitration procedures were exhausted on June 4, 1987.
The Court of Appeals recently discussed, without deciding, the question of accrual of an action of this type brought by a public employee within this State. That discussion indi *22 cates that the cause of action accrues at 1 of 2 moments— when grievance procedures are exhausted or when the union first notifies its member that it will proceed no further in his behalf. (Baker v Board of Educ., 70 NY2d 314, 322, n 1, supra.) Under the facts of the instant case, June 4, 1987 is the earliest possible accrual date, and, in view of claimant’s adoption of this date, it is not necessary to consider whether it might be at a later point.
Determining the applicable Statute of Limitations and time period for filing in the Court of Claims is also less than straightforward. In DelCostello v Teamsters (462 US 151, supra), the United States Supreme Court held that, in actions based on Federal law, the six-month Statute of Limitations for bringing unfair labor practice charges before the National Labor Relations Board applies to actions against the employer and/or the union. Because, as discussed above, the basis for public employee actions in this State is different, the Court of Appeals has held that "until the Legislature acts to impose a limitations period — the six-year statute (CPLR 213 [1]) must be applied” to actions brought by the employee against the union. (Baker v Board of Educ., 70 NY2d 314, 319, supra.) CPLR 213 (1) was selected by the court because it is the limitation applicable to "an action for which no limitation is specifically prescribed by law”. The court did not address whether actions against the employer would be subject to the same limitation, noting only that the Legislature "could also determine the applicable limitations period as against the employer”. (Supra, at 322, n 1.)
Based in part on the Court of Appeals discussion in Baker (supra), we hold that, pending legislative action, the appropriate limitation period for an action against an employer in this context is also six years, pursuant to either CPLR 213 (1), for the reasons given by the court, or CPLR 213 (2), which applies to contract actions. Thus, the instant claim was commenced within the statutory period applicable to suits "between citizens of the state”, satisfying the requirement of section 12 (2) of the Court of Claims Act.
Since, to our knowledge, this is the first action of this type to be commenced in this court, it is also necessary to determine the applicable time limitation set forth in section 10 of the Court of Claims Act. Again following the reasoning of Baker (supra), it appears that the six-month limitation of section 10 (4), which is applicable both to claims for breach of contract and to "any other claim not otherwise provided for *23 by this section”, must govern. Accordingly, we determine that this claim is timely, inasmuch as claimant filed and served a notice of intention within six months from the date of accrual.
Defendant’s motion to dismiss the claim is granted insofar as it seeks dismissal of claimant’s first cause of action (for violation of Civil Service Law § 80-a) and otherwise denied.

 It should be noted that some of the disadvantages discussed in McKay v Smith (92 Misc 2d 606) are somewhat less in light of the rule for apportionment of damages announced in Bowen v United States Postal Serv. (459 US 212).