*311 OPINION OF THE COURT
Edwin Margolis, J.
Claimants in this action are transportation safety specialists I employed by the Department of Transportation (DOT), and their employment is governed by a collective bargaining agreement between the State and Public Employees Federation, AFL-CIO (PEF). They have instituted this action to recover damages equal to overtime payments for "on-call, standby and waiting time hours” since July 27, 1986, with interest, plus overtime payments for all current and future on-call, standby and waiting time hours; they also seek reasonable attorney’s fees.
Claimants allege that since April 1, 1986, they have been required to remain "on call” on their nonroster (off-duty) time but have been denied compensation to which they are entitled pursuant to article 31 of the collective bargaining agreement between the State and PEF that was in effect from April 1, 1985 through March 31, 1988. Article 31 sets out overtime payment provisions for nurses, nurse anesthetists and physician assistants who are required to be on "standby on-call rosters” but makes no mention of any other profession. The agreement also incorporates a side letter which sets forth certain agreed-to methods for easing the inconvenience of "employees in the PS&T unit who are not eligible for payment for serving on Standby On-Call Rosters under the provisions of Article 31” when they are assigned to standby duty.
Claimants also refer to and appear to rely in part on Budget Bulletin G-1024, entitled "Payment of Overtime Compensation of State Employees”, promulgated by the Division of the Budget on July 27, 1986 (coincidentally one day after the second step grievance decision discussed below). This bulletin states that State employees are to be compensated for waiting time, time spent on call and time spent in stand-by status when they are unable to "use such time effectively for their own purposes” or "engage in normal private pursuits”. Claimants contend that they are so affected when required to "remain on call” during their nonroster time.
Claimants initially pursued their grievance through their union. On July 25, 1986, the decision of a second step grievance Hearing Officer rejected their request to either be returned to a Monday through Friday schedule or to receive compensation for the time they are placed on on-call status. The decision noted that these employees were assigned to *312 cover rotating weekends and required to provide an answering service with one or more phone numbers and/or use a beeper but that they were not required to report to a work site or to perform any assigned work duties unless called to cover an accident. Claimants’ counsel, in his affidavit in opposition to this motion, states that PEF informed claimants that it would not pursue their grievances to arbitration and informs the court that claimants have instituted an action in Supreme Court, Albany County, alleging a breach of the union’s duty of fair representation.
In lieu of answering, defendant has moved to dismiss the claim as untimely, outside the subject matter jurisdiction of the court, and barred by the July 1986 quasi-judicial decision. In order to rule on any of these challenges, we must first consider the type of action before us. This is an action for breach of contract by State employees against their employer, the State of New York. Because these employees are represented by a recognized union and the contract is a collective bargaining agreement between the union and the employer, rather than directly between the employees and their employer, a necessary predicate for bringing such an action against the employer is to establish that the union breached its duty to fairly represent these employees in their contract dispute with the State. (See generally, Matter of Board of Educ. v Ambach, 70 NY2d 501; Matter of Civil Serv. Bar Assn. v City of New York, 64 NY2d 188; De Cherro v Civil Serv. Employees Assn., 60 AD2d 743.) Without a finding that the union has breached its duty toward the employees in question, such employees have no right to sue their employer. (Mohan v United Univ. Professions, 127 Misc 2d 118, 121, citing to United Parcel Serv. v Mitchell, 451 US 56, 67.)
In Shah v State of New York (140 Misc 2d 16), this court refused to dismiss a partially similar claim in which the claimant alleged both that the union breached its duty of fair representation and that the State had breached the applicable collective bargaining agreement. In so ruling, we followed earlier cases indicating that the union was not a necessary party in an action of this type against an employer (see, Mohan v United Univ. Professions, 127 Misc 2d 118, supra; McKay v Smith, 92 Misc 2d 606; see also, DelCostello v Teamsters, 462 US 151; Powell v Kovac’s, Inc., 596 F Supp 1520). We noted, however, that the claimant would have to plead and prove the union’s breach in order to reach the question of the State’s alleged violation of the collective *313 bargaining agreement. In the instant action, the claim contains no allegations that the union breached its duty toward claimants* and, even if this defect were cured by amendment of the pleading, the action must be dismissed as untimely.
In Baker v Board of Educ. (70 NY2d 314, 322, n 1), the Court of Appeals indicated that a public sector "hybrid” cause of action such as this accrues at 1 of 2 points — when grievance procedures are exhausted or, as here, when the union first notifies its member that it will proceed no further in his behalf. In this instance, claimants received notification that the union would not pursue their grievance on November 3, 1986. Both parts of such a "hybrid” action (i.e., the union’s breach of its duty of fair representation and the employer’s breach of the collective bargaining agreement) are subject to the six-month time limitation set forth in section 10 (4) of the Court of Claims Act (Shah v State of New York, 140 Misc 2d 16, 22, supra). The claim in this action was filed on July 18, 1988, more than six months after the accrual date (Nov. 3, 1986).
It makes no difference that the instant action is being brought only against the employer and that there is a separate, still-pending action against the union in Supreme Court. In decisions based upon the analogous laws governing private sector employment (Labor Management Relations Act of 1947 § 301, 29 USC § 185)—decisions which, as a general proposition, govern in determinations of New York’s public sector duties and rights (Baker v Board of Educ., 70 NY2d 314, 320, supra)—it is well established that the same Statute of Limitations applicable to hybrid actions brought against both the union and the employer applies also when a breach of contract action, such as this, is commenced only against the employer. (See, United Parcel Serv. v Mitchell, 451 US 56, supra; Gilliard v New York Pub. Lib. Sys., 597 F Supp 1069; Samuels v American Tr. Corp., 595 F Supp 840; Sperber v Galigher Ash Co., 747 P2d 1025 [Utah Sup Ct]; Romero v Paragon Steel Div., 129 Mich App 566, 341 NW2d 546.)
Claimants attempt to argue that the employer’s wrong (i.e., breach of the collective bargaining agreement) "continued” until March 31, 1988, when the agreement in question terminated, and that this somehow establishes a different, later accrual date must fail, as this argument overlooks the true *314 nature of the cause of action claimants seek to assert. The dispute with the employer was identifiable and identified at the point that claimants filed their grievance with the union but, at that point, they had no independent right to proceed against or seek damages directly from the employer. The employer’s wrong may well have continued until March 1988 but such right of action arose only when the grievance process failed or was abandoned by the union and only if the union’s lack of success or abandonment of the effort was attributable to the union’s bad faith or other serious error. Thus, the point at which represented employees acquire the right to directly sue their employer is a function not of the employer’s wrongful behavior, no matter how long that behavior may continue, but, rather, of the union’s breach of its duty of fair representation. Whether the employer’s alleged breach has ceased, ceases at the same time or continues indefinitely is not relevant to the accrual of the cause of action.
Accordingly, that part of defendant’s motion which seeks dismissal of the claim on the grounds that it is time barred is granted, and the claim is dismissed.

 We reject the contention that this defect is somehow cured by statements contained in the affidavit in opposition to this motion.