■ In the Matter of HENRY J. GALLAGHER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 93295.) [654 NYS2d 579] —In a proceeding pursuant to Court of Claims Act § 10 (6) for leave to file a late claim against the State, the defendant appeals from an order of the Court of Claims (Ruderman, J.), dated December 18, 1995, which granted the application.

Ordered that the order is reversed, as a matter of discretion, with costs, and the claimant's application is denied.

The Court of Claims improvidently exercised its discretion in granting the claimant's application for leave to file a late claim. Court of Claims Act § 10 (6) permits the late filing of a claim, in the court's discretion, upon consideration of certain enumerated factors. No one factor is determinative (*see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys.*, 55 NY2d 979; *Holly v State of New York*, 191 AD2d 678). Here, the court considered all of the factors set forth in the Court of Claims Act and determined that two of these factors weighed in the claimant's favor. Specifically, the court found that there appeared to be merit to the claim and that the State was not substantially prejudiced by the delay. We disagree. The claimant did not demonstrate the appearance of merit to his claim by merely submitting a photograph of what he alleged to be the site of the accident, particularly when the photograph was taken approximately eight months after the accident. Moreover, under these circumstances, the fact that the State did not receive actual notice of the claim until approximately nine months after the accident caused it substantial prejudice. Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.