■ LUCRETIA BRONCATI et al., Appellants, v STATE OF NEW YORK, Respondent. [732 NYS2d 365] —In a claim to recover damages for personal injuries, etc., the claimants appeal (1) from an order of the Court of Claims (Ruderman, J.), dated October 3, 2000, which denied their motion for leave to file a late claim pursuant to Court of Claims Act § 10 (6), and (2), as limited by their brief, from so much of an order of the same court, dated March 27, 2001, as denied that branch of their motion which was for renewal.

Ordered that the order dated October 3, 2000, is affirmed; and it is further,

Ordered that the order dated March 27, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Court of Claims Act § 10 (6) permits a court, in its discretion, upon consideration of certain enumerated factors, to allow a claimant to file a late claim (*see, Qing Liu v City Univ.,* 262 AD2d 473). No one factor is deemed controlling, nor is the presence or absence of any one factor dispositive (*see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys.* 55 NY2d 979, 981).

After weighing all of the evidence presented in the claimants' original motion, the Court of Claims properly determined that the claimants failed to demonstrate an acceptable excuse for their failure to file a timely claim, and that the State was prejudiced by its lack of actual notice of the essential facts and its inability to timely investigate the claim (*see, Qing Liu v City Univ., supra; Matter of Gallagher v State of New York,* 236 AD2d 400). Furthermore, the claimants failed to adequately demonstrate the merits of their claim (*see, Qing Liu v City Univ., supra; Klinger v State of New York,* 213 AD2d 378).

The claimants' remaining contentions are without merit. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.