**Bhupendra K. SHAH, Plaintiff–Appellant,**

v.

**The NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, New York State Office of Mental Health, Nathan Kline Institute for Psychiatric Research, Defendants–Appellees.**

**No. 01–9009–cv.**

United States Court of Appeals, Second Circuit.

June 30, 2009.

Bhupendra K. Shah, Pearl River, NY, pro se.

Steven Wu (Barbara D. Underwood, Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, Diana R.H. Winters, Assistant Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General of the State New York, New York, NY, for Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PETER W. HALL and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Bhupendra K. Shah, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Patterson, *J.*), granting summary judgment to Defendants on Plaintiff's claim of retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the facts and procedural history.

Plaintiff has filed a number of suits and appeals claiming employment discrimination by Defendants dating back to 1983. *See Shah v. State of New York,* 140 Misc.2d 16, 529 N.Y.S.2d 442 (N.Y.Ct.Cl. 1988); *Shah v. New York State Office of Mental Health,* No. 133/88 (Sup.Ct. Rockland Co.1989); *Shah v. New York,* No. 76165 (N.Y.Ct.Cl.1992); *Shah v. State,* 212 A.D.2d 876, 622 N.Y.S.2d 365 (3d Dep't 1995); *Shah v. Cancro,* No. 89 Civ. 0929 (S.D.N.Y. June 30, 1992); *Shah v. New York State Dep't of Civil Serv.,* No. 92 Civ 898 (S.D.N.Y. June 30, 1992). In a previous appeal in the district court action at issue here, we affirmed the district court's dismissal of many of Plaintiff's employment discrimination claims. *See Shah v. New York State Dep't of Civil Serv.,* 168 F.3d 610, 613 (2d Cir.1999). We determined, however, that Plaintiff had exhausted his retaliation claims against the Nathan Kline Institute ("NKI") and remanded the case to the district court with respect to those claims only.[1]

---

1. Plaintiff had also asserted a disparate impact claim based on NKI's "word of mouth" hiring practices, and he contends that the district court erred in dismissing that claim after remand. However, any disparate impact claim had been previously dismissed and the dismissal was affirmed by our decision in Plaintiff's first appeal, which remanded only for consideration of Plaintiff's claims of retali-

ation. *See Shah,* 168 F.3d at 613–15 (construing Plaintiff's Claims 8 and 9 as "alleging retaliation by NKI," and remanding "for further proceedings with respect to those claims ...."). None of the claims whose dismissal was affirmed on the prior appeal could be relitigated; nor may their dismissal properly be reargued on this appeal.

■ We review orders granting summary judgment *de novo*. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See id.* The burden of proof in retaliation claims follows the general disparate treatment analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See, e.g., Terry v. Ashcroft*, 336 F.3d 128, 141 (2d Cir.2003). To make a prima facie showing of retaliation, a plaintiff must adduce evidence that: (1) he engaged in a protected activity; (2) the employer was aware of the protected activity; (3) the employer took adverse action; and (4) a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action. *See Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 65–66 (2d Cir.1998). Once a prima facie case is established, the burden of production shifts to the defendant to provide a non-retaliatory, legitimate business reason for the alleged retaliatory employment action. *See Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir.2001). If the employer meets this burden of production, the burden shifts back to the plaintiff, who must demonstrate that the employer's reason was a pretext for retaliation. *See id.*

■ Plaintiff failed to present a prima facie case of retaliation. Although Plaintiff engaged in protected activity by filing his February 1990 discrimination complaint with the New York State Division of Human Rights ("DHR") and the Equal Employment Opportunity Commission ("EEOC"), and Defendants knew of that filing, Plaintiff failed to proffer evidence of the requisite causal connection between NKI's actions and his protected activity.

There was no direct evidence of retaliatory intent. Nor was there circumstantial evidence from which such intent could be inferred. The earliest of the purported adverse actions—failure to appoint Plaintiff to the position of Dr. Virginia Hannon upon her early retirement, or after abolishing that position, failure to create a position for Plaintiff—came over one year after he filed his discrimination claim. Similarly, Dr. Josef Vitrai, Dr. Dave O'Neill, and Douglas Malyszek were hired well over 3 years after the DHR and EEOC complaints were filed. No inference of retaliatory animus is available from an adverse employment decision when there has been such a large gap of time between the protected activity and that decision. *See Burkybile v. Bd. of Educ. of Hastings–On–Hudson Union Free Sch. Dist.*, 411 F.3d 306, 314 (2d Cir.2005).

■ Defendants, moreover, provided non-retaliatory, legitimate business reasons for each of their employment decisions, and Plaintiff provided insufficient evidence that those proffered reasons were not credible and were a pretext for retaliation. Accordingly, Plaintiff has failed to satisfy his burden to raise a material issue of fact as to whether Defendants' actions were a pretext for a retaliatory motive. *See de la Cruz v. New York City Human Resources Admin. Dep't of Social Serv.*, 82 F.3d 16, 20 (2d Cir.1996).

We have reviewed Plaintiff's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.