■ WINSTON HENVILL, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. In the Matter of WINSTON HENVILL, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [49 NYS3d 402]—

Orders, Supreme Court, New York County (Joan M. Kenney, J.), entered January 11, 2016, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), and judgment (denominated an order), same court and Justice, entered March 4, 2016, denying the petition seeking to vacate the arbitration award which terminated petitioner's employment with respondent Metropolitan Transportation Authority upon a finding of misconduct, and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.

Plaintiff failed to adequately plead a claim for breach of the duty of fair representation against defendant Metropolitan Transportation Authority Police Benevolent Association (PBA) because none of the allegations in the complaint demonstrated that PBA's conduct, in representing plaintiff at the arbitration hearing which resulted in his termination, was arbitrary, discriminatory or done in bad faith (*see Matter of Civil Serv. Bar Assn., Local 237, Intl. Bhd. of Teamsters v City of New York,* 64 NY2d 188, 196 [1984]; *Cox v Subway Surface Supervisors Assn.,* 69 AD3d 438, 438 [1st Dept 2010]). At most, plaintiff alleged that PBA was irresponsible or negligent, which is insufficient to show unfair representation (*Mellon v Benker,* 186 AD2d 1020, 1021 [4th Dept 1992]; *Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd.,* 132 AD2d 430, 432 [3d Dept 1987], *affd* 73 NY2d 796 [1988]).

Because plaintiff cannot state an unfair representation claim against PBA, his claim against his employer, defendant Metropolitan Transportation Authority, alleging a breach of the

collective bargaining agreement, must also fail (*see Mohan v United Univ. Professions*, 127 Misc 2d 118, 121 [Sup Ct, NY County 1984]).

As to the petition, petitioner failed to demonstrate the existence of any of the statutory grounds for vacating the arbitrator's award, such as, inter alia, fraud, bias or the failure to follow proper procedure (*see* CPLR 7511 [b]; *Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]). We reject petitioner's main argument that the arbitrator's fact-finding was irrational and required vacatur, in light of the well-settled principle that courts in considering a petition to vacate a voluntary arbitration may not review the arbitrator's findings of fact (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 83 [2003]). Moreover, "even assuming that petitioner had a viable fair representation claim[,]. . . a proceeding to vacate the arbitration award [is] not the proper forum for asserting it" (*Matter of Obot [New York State Dept. of Correctional Servs.]*, 89 NY2d 883, 886 [1996]).

Finally, we perceive no reason to overturn the imposed penalty of termination (*see Matter of Tarantino v MTA N.Y. City Tr. Auth.*, 129 AD3d 738 [2d Dept 2015]). Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.