Shah v State of New York (2019 NY Slip Op 08884)





Shah v State of New York


2019 NY Slip Op 08884


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-08963

[*1]Bhupendra K. Shah, appellant, 
v
State of New York, respondent. (Claim No. 129334)


Bhupendra K. Shah, Pearl River, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.



DECISION & ORDER
In a claim, inter alia, to recover damages for employment discrimination, the claimant appeals from an order of the Court of Claims (Thomas H. Scuccimarra, J.), dated March 28, 2018. The order denied his motion for leave to reargue the defendant's motion to dismiss, which was granted in an order of the same court dated September 1, 2017, or alternatively, for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the appeal from so much of the order as denied that branch of the claimant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The claimant alleges that in May 1983, he was wrongfully terminated from his employment as a research scientist with the Nathan Kline Institute for Psychiatric Research, a facility operated by the New York State Office of Mental Health (hereinafter OMH). Since 1983, the claimant has unsuccessfully applied for various positions with OMH. He has filed numerous actions, in state and federal court, as well as before the Department of Human Rights (hereinafter DHR), against the defendant, inter alia, related to his allegedly being denied employment on the basis of his national origin (see e.g. Shah v State of New York, 212 AD2d 876; Shah v State of New York, 140 Misc 2d 16 [Ct Cl]; Shah v New York State Dept. of Civ. Serv., 341 Fed Appx 670 [2d Cir]; Shah v New York State Dept. of Civ. Serv., 2014 WL 3583506, 2014 US Dist LEXIS 97990 [SD NY, No. 94-CV-9193(RPP)]).
In March 2017, the claimant commenced this action, alleging that OMH wrongfully denied him employment in June 2013. The defendant made a pre-answer motion to dismiss the claim pursuant to CPLR 3211(a)(2) and Court of Claims Act §§ 10 and 11, and the claimant opposed the motion. By order dated September 1, 2017, the Court of Claims granted the defendant's motion to dismiss. The claimant then moved for leave to reargue the defendant's motion to dismiss, or alternatively, for leave to file a late claim pursuant to Court of Claims Act § 10(6), and the defendant [*2]opposed the motion. By order dated March 28, 2018, the Court of Claims denied the claimant's motion. The claimant appeals.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474; see Broncati v State of New York, 288 AD2d 172, 173). However, if a claim is legally deficient, leave to file a late claim should be denied even if the other factors tend to favor the granting of the request (see Savino v State of New York, 199 AD2d 254, 255; Prusack v State of New York, 117 AD2d 729, 730; Rosenhack v State of New York, 112 Misc 2d 967, 969 [Ct Cl]). "A claimant seeking permission to file a late claim must do so within the statute of limitations provisions set forth in CPLR article 2" (Kealos v State of New York, 150 AD3d 1211, 1212).
Here, the Court of Claims providently exercised its discretion in denying that branch of the claimant's motion which was for leave to file a late claim. The claimant failed to timely serve his claim upon the Attorney General as required by Court of Claims Act § 10(3), and his motion for leave to serve a late claim was not made within the applicable statute of limitations period as required by Court of Claims Act § 10(6). Where the time within which to make an application has expired, the Court of Claims has no discretion to grant leave to file a late claim (see Chaudry v State of New York, 167 AD3d 704, 704; Golia v State of New York, 162 AD3d 861, 862). Furthermore, the court properly determined that the claimant failed to adequately set forth sufficient facts demonstrating that his claims were meritorious (see Golia v State of New York, 162 AD3d at 862; Morris v Doe, 104 AD3d 921). Accordingly, we agree with the court's determination to deny that branch of the claimant's motion which was for leave to file a late claim.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court